Slip Op. 24-12

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC,<br><br>Plaintiff,<br><br>and<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Before:  Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 21-00192 |

**OPINION**

[Sustaining the negative evasion determination of U.S. Customs and Border Protection under the Enforce and Protect Act.]

Dated:  February 7, 2024

Peter Koenig, Jeremy W. Dutra, and Christopher D. Clark, of Squire Patton Boggs (US) LLP, Washington, D.C., for Plaintiffs Norca Industrial Company, LLC and International Piping & Procurement Group, LP.

Margaret J. Jantzen, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., and Tamari J. Lagvilava, Office of Chief Counsel, U.S. Customs and Border Protection, of Washington, D.C., for Defendant United States.

Choe-Groves, Judge:  This case arises out of U.S. Customs and Border Protection's ("Customs") evasion determination under the antidumping order on certain carbon steel butt-weld pipe fittings from the People's Republic of China ("China").  Customs' Final Administrative Determination in Enforce and Protect Act (EAPA) Case No. 7335 (Mar. 22, 2021) ("Final Administrative Determination"), PR 379[1]; see Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China ("Order"), 57 Fed. Reg. 29,702 (Dep't of Commerce July 6, 1992) (antidumping duty order and amendment to final determination of sales at less than fair value).  Before the Court is the Final Remand Redetermination ("Remand Redetermination"), Final Remand Redetermination EAPA Consol. Case No. 7335, ECF No. 58, which the Court ordered in Norca Indus. Co. v. United States, 46 CIT __, 561 F. Supp. 3d 1379 (2022) ("Norca I").  For the following reasons, the Court sustains Customs' negative evasion determination in the Remand Redetermination.

## BACKGROUND

On November 6, 2020, Customs determined that substantial evidence demonstrated that Plaintiffs entered covered merchandise into the United States through evasion of the Order.  Notice of Determination as to Evasion (Nov. 6,

---

[1] Citations to the administrative record reflect the public record ("PR"), ECF No. 18.

2020) ("November 6 Determination") at 1–2, PR 368.  Customs initiated on November 5, 2019 a parallel Enforce and Protect Act ("EAPA") investigation into whether Plaintiffs evaded the Order with their entries of merchandise into the United States based on allegations raised by Allied Group.  Id. at 2.  Allied Group alleged that BW Fittings, the former Vietnamese supplier of Plaintiffs' merchandise, did not produce carbon steel butt-weld fittings in Vietnam, but transshipped such merchandise from China into the United States.  Id.

Customs' Regulations and Rulings of the Office of Trade affirmed the November 6 Determination on March 22, 2021.  See Final Administrative Determination.  Plaintiffs filed separate suits challenging the November 6 Determination and Final Administrative Determination, which the Court consolidated.  Order (June 8, 2021), ECF No. 14.

After Plaintiffs filed their respective Rule 56.2 motions, Defendant requested a remand of the Final Administrative Determination because Customs had recently learned that certain documents collected during the investigation were not provided to the Parties during the investigation or were not included as part of the record.  Def.'s Mot. Voluntary Remand Suspend Current Br. Schedule ("Def.'s Mot. Voluntary Remand"), ECF No. 23; see also Pl.'s Rule 56.2 Mot. J. Agency R., ECF No. 20; Mem. Points Auth. Supp. Pl.'s Rule 56.2 Mot. J. Agency R., ECF No. 21 ("Pl.'s Rule 56.2 Mem."); Consol. Pl.'s Rule 56.2 Mot. J. Agency R., ECF No.

22. Defendant conceded that the administrative record was incomplete, stating that remand would allow an opportunity for a third party, who had submitted numerous photographs and videos from a November 2019 site visit of BW Fittings' Vietnam facility to Customs (but were excluded from the administrative record), to bracket the business confidential information in its submissions to Customs. Def.'s Mot. Voluntary Remand at 4; <u>see</u> Pl.'s Rule 56.2 Mem. at 5. On March 11, 2022, this Court remanded the Final Administrative Determination. <u>Norca I</u>, 46 CIT at __, 561 F. Supp. 3d at 1384.

The Court stayed this case while Customs referred a covered merchandise determination to the U.S. Department of Commerce ("Commerce") to determine whether Plaintiffs' Chinese-origin rough fittings purchased from BW Fittings were covered by the Order in two scenarios: (1) Chinese-origin rough fittings that only underwent the third stage of production (*i.e.,* finishing processes) in Vietnam and (2) Chinese-origin rough fittings that underwent both the second and third stages of production in Vietnam. Customs' Covered Merchandise Referral Request for Merchandise Under EAPA Consolidated Case [No.] 7335 (Remand [No.] 7717), Imported by Norca Industrial Company, LLC and International Piping & Procurement Group, LP: Antidumping Duty Order on Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China (Sept. 6, 2022) at 4, ECF No. 53-1.

Commerce issued its final covered merchandise determination on September 29, 2023, stating that a rough fitting does not become covered merchandise (or an unfinished fitting) until after the second stage of production and is a material input used in the production of an unfinished fitting. Decision Mem. Final Results Covered Merchandise Inquiry – EAPA Inv. 7335: Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China (Dep't of Commerce Sept. 29, 2023) ("Final Covered Merchandise Determination") at 27, ECF No. 53-2. Commerce determined that the subject merchandise were outside the scope of the Order. Id.

In light of Commerce's covered merchandise determination, Customs filed a negative evasion determination on January 22, 2024. See Remand Redetermination. Plaintiffs filed comments asking the Court to sustain the Remand Redetermination. Pls.' Cmts. Remand Redetermination ("Pls.' Cmts."), ECF No. 61.

The Court held a status conference on January 29, 2024. Status Conference (Jan. 29, 2024), ECF No. 62.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to section 517 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1517(g), and 28 U.S.C. § 1581(c), which grant the Court jurisdiction over actions contesting determinations of evasion pursuant to

the EAPA statute.  The Court reviews Customs' evasion determination for compliance with all procedures under 19 U.S.C. §§ 1517(c) and (f) and will hold unlawful "any determination, finding, or conclusion [that] is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  19 U.S.C. § 1517(c)(1)(A), (g)(2).  The Court reviews determinations made on remand for compliance with the Court's remand order.  Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Customs has authority under the EAPA to investigate and determine whether covered merchandise was entered into the customs territory of the United States through evasion.  19 U.S.C. § 1517(c)(1)(A).  "Evasion" is defined as:

> [E]ntering covered merchandise into the customs territory of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise.

Id. § 1517(a)(5)(A).

In Norca I, the Court remanded the Final Administrative Determination for Customs to correct the record and reconsider the allegations of evasion.  Norca I, 46 CIT at __, 561 F. Supp. 3d at 1384.  On remand, Customs placed new

information on the record and made a covered merchandise referral to Commerce. Remand Redetermination at 1–3. Commerce's covered final merchandise referral concluded that the subject merchandise were outside the scope of the Order. Final Covered Merchandise Determination at 27. Based on Commerce's referral, Customs reconsidered its prior affirmative evasion determination, and in the Remand Redetermination made a final negative evasion determination.

Plaintiffs now ask the Court to sustain the Remand Redetermination and order the immediate liquidation of previously suspended entries. Pls.' Cmts. at 2–3. The Government did not file a response to Plaintiffs' comments, but does not oppose Plaintiff's request to sustain the Remand Redetermination. Status Conference (Jan. 29, 2024).

The Court concludes that Customs' Remand Redetermination is supported by substantial evidence and in accordance with law, and complies with the Court's remand order.

## CONCLUSION

For the foregoing reasons, the Court sustains the <u>Remand Redetermination</u>. Judgment will enter accordingly.

/s/ Jennifer Choe-Groves  
Jennifer Choe-Groves, Judge

Dated:  February 7, 2024
       New York, New York